UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUVEN RIVERA,

    Petitioner,                                 Civil No. 04-CV-71847-DT
                                               HONORABLE AVERN COHN

v.

RAYMOND D. BOOKER,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Ruven Rivera, (Petitioner) is a state inmate at the Ryan Correctional Facility in Detroit, Michigan, where he is serving a sentence of fifteen to twenty five years in prison for the crime of assault with intent to do great bodily harm less than murder and being a fourth felony habitual offender, Mich. Comp. Laws §§ 750.84; 769.12. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. Respondent, through the Attorney General's Office, filed a response, arguing that petitioner's claims are procedurally defaulted or lack merit. For the reasons which follow, the petition will be denied.

### II. Procedural History

Petitioner was convicted of the above offense following a jury trial in the Genesee County Circuit Court.

1

Petitioner filed an appeal of right to the Michigan Court of Appeals, raising the following issues:

> (1) When the district court refused to reopen the preliminary examination to accommodate the prosecution's attempt to add two new counts, should the prosecutor have appealed to the circuit court rather than seek the issuance of a new warrant?
>
> (2) Where the district court lacked jurisdiction to bind over to circuit court on a misdemeanor, the circuit court lacked jurisdiction to amend the information to reflect felony assault charges, should the conviction on a lesser felony assault be vacated?
>
> (3) Did the circuit court err reversibly when it reinstated the two felony assault charges finding that the district court usurped the jury function when it weighed the credibility of the only witness at the examination as part of its decision to bind over on misdemeanor assault only?
>
> (4) Was Mr. Rivera deprived of his due process right to be sentenced on the basis of accurate information when the circuit court relied on the pre-sentence report's assertion that Mr. Rivera was affiliated with a gang even though Mr. Rivera denied gang affiliation?

The Michigan Court of Appeals affirmed petitioner's conviction. *People v. Rivera,* 220090 (Mich.Ct.App. May 25, 2001). Petitioner then filed a delayed application for leave to appeal with the Michigan Supreme Court, in which he raised the identical claims that he raised on his appeal of right. The Michigan Supreme Court denied leave to appeal. *People v. Rivera,* 465 Mich. 914 (2001).

Petitioner then filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et.seq.,* in which he raised the following issues:

> (1) Rivera was deprived of his Fifth, Sixth, and Fourteenth Amendment rights to receive the effective assistance of trial and appellate counsel that demonstrates "good cause" for the procedural default and "actual prejudice", where his attorney's (sic) failed to perform essential duties required to ensure a fair trial or effective appellate review by not protecting or preserving [petitioner's] constitutional rights

>(2) Rivera was deprived of his Fifth, Sixth, and Fourteenth Amendment rights to receive the effective assistance of trial counsel during a critical stage of the proceedings requiring reversal of his conviction.
>
>(3) It was prosecutorial misconduct for the prosecution to use unprecedented and convoluted pretrial procedures to charge [petitioner] Rivera with two separate indictments and warrants based upon the sole testimony of the complainant Lynn Christensen.
>
>(4) Rivera's conviction must be reversed, where the prosecution had failed to present sufficient evidence to satisfy the due process standard of guilt beyond a reasonable doubt and failed to overcome [petitioner's] strong presumption of innocence contrary to his Fifth, Sixth, and Fourteenth Amendment rights.

The trial court denied the motion, finding petitioner's first three claims to be without merit, and finding the fourth claim to be procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *People v. Rivera,* 98-3143-FC (Genesee County Circuit Court, January 7, 2003). Petitioner presented the same claims to the Michigan Court of Appeals, which denied leave to appeal pursuant to M.C.R. 6.508(D). *People v. Rivera,* 247763 (Mich.Ct.App. September 4, 2003). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which also denied petitioner leave to appeal pursuant to M.C.R. 6.508(D). *People v. Rivera,* 470 Mich. 855 (2004).

On May 10, 2004, petitioner filed an application for writ of habeas corpus, seeking relief on the following grounds:

>I. Rivera was deprived of his Fifth, Sixth, and Fourteenth Amendment rights to receive the effective assistance of trial and appellate counsel that demonstrates "good cause" for the procedural default and "actual prejudice", where his attorney's (sic) failed to perform essential duties required to ensure a fair trial or effective appellate review by not protecting or preserving [petitioner's] constitutional rights. That performance and decision to omit errors fell below an objective standard of reasonableness; thus, a fundamental miscarriage of justice will result for a failure to consider [petitioner's constitutional claims.
>
>II. Rivera was deprived of his Fifth, Sixth, and Fourteenth Amendment rights

3

to receive the effective assistance of trial counsel during a critical stage of the proceedings requiring reversal of his conviction. Where a conflict of interest and structural defect occurred, when the prosecution filed two separate indictments based upon the same evidence and trial counsel had agreed to assist the prosecution by not allowing [petitioner] to plead guilty to the misdemeanor aggravated assault charge in the second indictment which would have barred further felony prosecution against him; thus, trial counsel and [petitioner's] conflicting interest diverged with respect to a substantial defense; resulting in prejudice to the [petitioner] and rendered a complete breakdown in the adversary process contrary to his constitutional rights.

III. It was prosecutorial misconduct for the prosecution to use unprecedented and convoluted pretrial procedures to charge [petitioner] Rivera with two separate indictments and warrants based upon the sole testimony of the complainant Lynn Christensen. The prosecution's second indictment was barred by "collateral estoppel" and its pretrial procedures created "jurisdictional and structural defects" which affected the entire trial with constitutional error; denying [petitioner] substantive due process of law, right to counsel, and fundamental fairness contrary to his Fifth, Sixth, and Fourteenth Amendment rights.

IV. Rivera's conviction must be reversed, where the prosecution had failed to present sufficient evidence to satisfy the due process standard of guilt beyond a reasonable doubt and failed to overcome [petitioner's] strong presumption of innocence contrary to his Fifth, Sixth, and Fourteenth Amendment rights.

### III.  Facts

The material facts leading to petitioner's conviction are recited verbatim from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> The victim alleged that defendant forced her to drive to a neighborhood park where she was beaten and choked after resisting defendant's attempts to force her to perform oral sex on him. As a result of these allegations defendant was charged with, and ultimately bound over for trial on, one count of kidnapping. However, at the request of the prosecutor the matter was remanded to the district court for consideration of additional charges.
>
> On remand, the district court declined to reopen the preliminary examination and returned the matter to circuit court, prompting the prosecutor to charge defendant under a separate file with assault with intent to commit murder and

4

> assault with intent to commit criminal sexual conduct. Following a preliminary examination on these charges, the district court dismissed the charge of assault with intent to commit criminal sexual conduct and reduced the charge of assault with intent to murder to aggravated assault, M.C.L. § 750.81a; MSA 28.276(1), a misdemeanor, which it scheduled for trial in the district court. Shortly thereafter, the prosecutor appeared before the circuit court and moved to join the aggravated assault and kidnapping prosecutions for trial in the circuit court, and, once joined, to amend the information to reinstate the charges of assault with intent to commit murder and assault with intent to commit criminal sexual conduct. The circuit court granted the prosecutor's motion, and defendant was tried and convicted as stated above.

*People v. Rivera,* 220090, Slip. Op. at * 1-2.

### IV. Analysis

### A. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a

state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### B. Procedural Default

Respondent contends that petitioner's third and fourth claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion and the Michigan appellate courts denied petitioner leave to appeal pursuant to M.C.R. 6.508(D).

Here, petitioner claims that his appellate counsel was ineffective for failing to raise these two claims in his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If petitioner could show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker*, 224 F. 3d 542, 550 (6th Cir. 2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). [1]

---

[1] The court also notes that the trial court denied petitioner's third claim on the merits, and not upon M.C.R. 6.508(D)(3), the subsection of Michigan's court rule which bars post-conviction relief for claims which could have been raised on direct appeal, unless the defendant can show cause and prejudice. The citation to 6.508(D) in the summary orders of the Michigan appellate courts denying petitioner leave to appeal did not establish that petitioner was denied relief on the basis of a procedural default, because 6.508(D) lists non-procedural grounds, as well as procedural grounds, for denial of post-conviction relief, and the trial court's decision preceding these summary

### C. The ineffective assistance of counsel claims

In his first and second claims, petitioner claims that he was denied the effective assistance of appellate and trial counsel.

1. *Standard of Review*

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

2. *Trial counsel's failure to object to prosecutorial misconduct.*

Petitioner first contends that trial counsel was ineffective for failing to object to the prosecutor's decision to separately charge him in a second complaint and

---

orders by the Michigan appellate courts was a denial of post-conviction relief on the merits. *See Abela v. Martin,* 380 F. 3d 915, 922-24 (6th Cir. 2004). Finally, as mentioned below, petitioner's appellate counsel did raise a similar claim, albeit one based on state law grounds, on petitioner's direct appeal.

warrant with assault with intent to commit murder and assault with intent to commit criminal sexual conduct, rather than appealing the district court's refusal to re-open the preliminary examination on the first information which charged petitioner with kidnapping. Petitioner claims that because the prosecutor failed to appeal the district court's refusal to re-open the preliminary examination on the first complaint and warrant, the circuit court lacked jurisdiction to join the misdemeanor aggravated assault charge with the kidnapping charge in the circuit court and later to reinstate the original felony assault charges.

In rejecting petitioner's jurisdictional claim on direct appeal, the Michigan Court of Appeals noted that although the district courts in Michigan have jurisdiction over misdemeanors which are punishable by fine or imprisonment not exceeding 1 year, or both, the Michigan Court of Appeals further indicated that the circuit courts have original jurisdiction in all matters not prohibited by law. *People v. Rivera,* Slip. Op. at * 3 (citing Mich. Const 1963, Art 6, § 13; *People v. Goecke*, 457 Mich. 442, 458 (1998)). The Michigan Court of Appeals concluded that since circuit court jurisdiction over certain misdemeanor offenses is not prohibited by law, the circuit and district courts possess concurrent jurisdiction over misdemeanors which are joined with a felony arising out of the same conduct and involving the same sequence of events. *Id.* (citing *People v. Loukas*, 104 Mich. App 204, 207-08 (1981)). Because petitioner had been properly bound over to the circuit court for trial on the kidnapping charge, the circuit court had both "subject matter jurisdiction over the class of case and personal jurisdiction over the defendant." *Id.* (*quoting Goecke,* supra at 459). The Michigan Court of Appeals rejected petitioner's contention that the circuit court was without

8

jurisdiction to join the misdemeanor and felony charges for trial in the circuit court. *Id.*

Contrary to petitioner's claim, his trial counsel objected several times to the prosecutor's decision to file a second complaint and warrant, rather than appealing the district court's decision to refuse to reopen the proofs on the first complaint and warrant. Counsel even filed a motion for a new trial and a motion for judgment notwithstanding the verdict on this basis. [2] Moreover, as mentioned above, the Michigan Court of Appeals considered and rejected petitioner's claim on the merits. Any alleged failure by counsel to preserve objections to an issue is not prejudicial where the state appellate court considers the defendant's claim on appeal. *See Hartey v. Vaughn*, 186 F. 3d 367, 373 (3rd Cir. 1999). Because the Michigan Court of Appeals fully evaluated petitioner's jurisdictional claim on his direct appeal and determined that it had no merit, petitioner was not prejudiced by any alleged failure on trial counsel's part to object to the alleged jurisdictional defect in this case. *See Wright v. Angelone,* 151 F. 3d 151, 161 (4th Cir. 1998). Thus, he is not entitled to habeas relief on this ground.

### 3. *Failure to object to the absence of counsel at petitioner's second arraignment on the warrant.*

Petitioner next claims that his trial counsel was ineffective for failing to object to the absence of counsel during a portion of the arraignment on the warrant on the second complaint charging petitioner with the felony assault charges.

An arraignment on the warrant in Michigan is not considered a critical stage of the proceedings upon which counsel is required by the Sixth Amendment to the U.S.

---

[2] *See* Motion T., May 17, 1999.

Constitution. *See Lundberg v. Buchkoe,* 389 F. 2d 154, 158 (6th Cir. 1968). This is especially so in the absence of any evidence that the petitioner made an incriminating statement at the arraignment on the warrant, entered a plea of guilty, or lost or waived any defense. *Id., See also Doyle v. Scutt,* 347 F. Supp. 2d 474, 481 (E.D. Mich. 2004). Petitioner has not alleged that he made any incriminating statement at his arraignment on the warrant or that he lost any available defenses by not pleading them at his arraignment on the warrant. Thus, he is not entitled to habeas relief on this claim. *Id.*

    4. *Counsel's failure to allow petitioner to plead guilty to the misdemeanor aggravated assault charge so that Double Jeopardy would attach.*

Petitioner next claims that his trial counsel was laboring under a conflict of interest and was therefore ineffective when his counsel refused to allow him to plead guilty to the misdemeanor aggravated assault charge at the conclusion of the second preliminary examination following the dismissal and/or reduction of the felony assault charges. Petitioner contends that had he been permitted to plead guilty to the misdemeanor charge, jeopardy would have attached, thereby precluding further prosecution on any of the felony charges.

Defense attorneys owe their clients a duty of loyalty, including the duty to avoid conflicts of interest. *Strickland v. Washington,* 466 U.S. at 688 (*citing to Cuyler v. Sullivan,* 446 U.S. 335, 346 (1980)). However, a claim of a conflict of interest, by itself, is insufficient to justify reversal of a conviction. *Reedus v. Stegall,* 197 F. Supp. 2d 767, 782 (E.D. Mich. 2001). Instead, a habeas petitioner must demonstrate "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* (citing to *Strickland,* 466 U.S. at 692).

To show this, a habeas petitioner "must make a factual showing of inconsistent interests and must demonstrate that the attorney 'made a choice between possible courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to another." *Id.* at 782-783 (*quoting Thomas v. Foltz,* 818 F. 2d 476, 481 (6th Cir. 1987)). Where a habeas petitioner does not show that his trial counsel had an actual conflict of interest which prejudiced his defense, he is not entitled to habeas relief on this claim. *Reedus,* 197 F. Supp. 2d at 783.

The problem with petitioner's claim is that he is unable to show that the Double Jeopardy Clause of the Fifth Amendment would have precluded the prosecution from prosecuting him on the kidnapping charge or seeking reinstatement of the felony assault charges had he pleaded guilty to the misdemeanor aggravated assault charge following the dismissal of the assault with intent to commit criminal sexual conduct charge and the reduction of the assault with intent to commit murder charges at the second preliminary examination.

In *Palazzolo v. Gorcyca,* 244 F. 3d 512 (6th Cir. 2001), the Sixth Circuit held that where a habeas petitioner successfully moved in the state circuit court to quash an information charging him with first-degree criminal sexual conduct, and then pleaded *nolo contendere* to the lesser charge of second-degree criminal sexual conduct, petitioner suffered no injury cognizable under the Double Jeopardy Clause when the state was permitted to appeal from the ruling of the trial court to the Michigan Court of Appeals. The Sixth Circuit observed that "[w]here a defendant himself seeks to have his trial terminated without any submission to either judge or jury as to his guilt or innocence, an appeal by the government from his successful effort to do so does not

offend the Double Jeopardy Clause." *Id.* at 516 (citing *Ohio v. Johnson*, 467 U.S. 493, 501-02 (1984)). The Sixth Circuit noted that "[w]hen a defendant takes an active role in the trial court's dismissal of the indictment, the Double Jeopardy Clause does not preclude the state from appealing the dismissal." *Id.* at 517 (citing *United States v. Scott,* 437 U.S. 82, 101 (1978)).

      The Sixth Circuit held that the Double Jeopardy Clause was not violated when the state was permitted to appeal from the ruling of the trial court reducing the charge from first-degree criminal sexual conduct to second-degree criminal sexual conduct. The Sixth Circuit concluded that the habeas petitioner had voluntarily chosen to terminate the prosecution on the first-degree criminal sexual conduct charge on a basis unrelated to factual guilt or innocence by bringing the motion to quash the information. *Palazzolo,* 244 F. 3d at 517. Secondly, the Sixth Circuit noted that "[t]he state was quite willing to continue with its CSC I prosecution, but Petitioner chose to avoid trial." *Id.*

      The Sixth Circuit further held that the fact that jeopardy attached to the second-degree criminal sexual conduct charge when the petitioner was sentenced for that offense, after successfully moving to quash the information on the original first-degree criminal sexual conduct charge, did not mean that the state was barred by Double Jeopardy Clause from prosecuting him on the first-degree criminal sexual conduct charge following its successful appeal, because the state did not seek to prosecute defendant on charges of CSC I and II in two separate, successive proceedings, the "second" prosecution was the direct and foreseeable result of defendant's motion to reduce the charge, CSC I and II are separate offenses under

Michigan law, and the reduction of the charge and acceptance of defendant's plea to CSC II was not an implied acquittal on the greater charge. *Palazzolo v. Gorcyca,* 244 F. 3d at 518-19.

Here, it is clear that the prosecutor sought to appeal the decision of the state district court to dismiss the assault with intent to commit criminal sexual conduct charge and to reduce the assault with intent to commit murder charge following the second preliminary examination in this matter. Based on the Sixth Circuit's holding in *Palazzolo*, petitioner's plea to the misdemeanor aggravated assault charge would not have barred the prosecution from appealing the district court's decision to a higher court and obtaining a reinstatement of the original charges, as the prosecution was ultimately able to do. Because petitioner's plea of guilty to the aggravated assault charge would not have barred further prosecution under the Double Jeopardy Clause, trial counsel was not ineffective for failing to advise petitioner to plead guilty to this charge. *See Buchanan v. Angelone,* 103 F. 3d 344, 349-50 (4th Cir. 1996).

5. *Ineffective Assistance of Appellate Counsel Claim.*

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F. 2d 56, 59 (6th Cir. 1990). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of

appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002)(internal quotations omitted). In fact, winnowing out weaker issues on appeal is actually "the hallmark of effective appellate advocacy." *Id.* (*quoting Smith v. Murray,* 477 U.S. at 536).

Petitioner first contends that appellate counsel was ineffective for failing to "federalize" his issues on direct appeal. This argument lacks merit. The failure to cite federal cases in a state appellate brief does not constitute ineffective assistance of appellate counsel. *Franza v. Stinson*, 58 F. Supp. 2d 124, 142 (S.D.N.Y. 1999). The failure to cite federal case law in an appellate brief would not prevent a state court from deciding an issue based upon federal law, because a party is not required to rely on federal cases to alert state appellate courts to constitutional issues. *Id.* at 143 (citing to *United States ex. rel. Patterson v. Neal*, 678 F. Supp. 749, 753 (N.D. Ill. 1988)).

Petitioner also claims that appellate counsel was ineffective for failing to present his ineffective assistance of trial counsel claim on his direct appeal. Because petitioner has failed to show that his trial counsel was ineffective, petitioner is unable to establish that appellate counsel was ineffective for failing to raise these ineffective assistance of trial counsel claims on his appeal of right. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 883 (E.D. Mich. 2002).

Petitioner also claims that appellate counsel was ineffective for not challenging the sufficiency of evidence to convict him. As discussed in greater detail when addressing petitioner's sufficiency of evidence claim, *infra,* petitioner's basic argument is that the evidence was insufficient to convict him because the victim's credibility was suspect. In light of the deference which a reviewing court owes to a jury's findings of

fact and determinations of witness credibility, it is highly unlikely that such an insufficiency of evidence claim would have succeeded on direct appeal. Petitioner is therefore unable to establish that he was prejudiced by appellate counsel's omission of such an argument on appeal. *See Lee v. Ricks,* ---- F. Supp. 2d----; 2005 WL 2205925, * 13 (W.D.N.Y. September 8, 2005).

6. *Summary of Ineffective Assistance of Counsel Claims*

Petitioner has failed to show that his attorneys' performance was deficient or that any deficiencies in the performance prejudiced his defense or appeal. Therefore, the state courts' denial of relief did not result in decisions that were contrary to *Strickland. See Mahaday v. Cason,* 367 F. Supp. 2d 1107, 1117 (E.D. Mich. 2005).

### D. The jurisdictional claim

In his third claim, petitioner contends that the trial court lacked jurisdiction to consolidate the misdemeanor aggravated assault charge from the second complaint and warrant with the kidnapping conviction from the first complaint and warrant, and then reinstating the felony assault charges, arguing that the prosecutor should have appealed the district court's refusal to re-open the preliminary examination on the first complaint and warrant, rather than filing a second complaint and warrant.

Although couched as a prosecutorial misconduct claim, petitioner's primary allegation appears to be that the Michigan courts lacked jurisdiction to try him for the crime for which he was convicted. The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976). Petitioner's claim that the state trial court lacked jurisdiction to try his case raises an issue of state

15

law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Moreover, to the extent that the prosecutor failed to follow proper procedure with respect to re-opening the proofs at the preliminary examination to add the additional felony assault counts, petitioner has failed to state a claim upon which habeas relief can be granted. There is no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965). Petitioner's claim that the prosecutor followed the wrong procedure to bind petitioner over for trial on the felony assault charges raises only a matter of state law and procedure that cannot form a basis for federal habeas relief. *See e.g. David v. Lavinge,* 190 F. Supp. 2d 974, 978 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on his third claim.

### E.  The sufficiency of evidence claim

Petitioner lastly contends that there was insufficient evidence to convict him, because the victim's testimony was not credible and was uncorroborated.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, the court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). On a state prisoner's habeas petition challenging the insufficiency of the evidence, a federal district court must draw all available inferences and resolve all credibility issues in favor of the jury's verdict. *See Spalla v. Foltz,* 615 F. Supp. 224, 227 (E.D. Mich. 1985).

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. *Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing *People v. Mitchell,* 149 Mich. App. 36, 38 (1986)). The term "intent to do great bodily harm less than murder" has been defined as an intent to do serious injury of an aggravated nature. *People v. Mitchell,* 149 Mich. App. at 39.

Here, petitioner claims that the evidence was insufficient because the victim's testimony was not credible and was uncorroborated. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is therefore generally beyond the scope of

federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* In addition, the fact that the victim was the only witness to testify against petitioner regarding the incident which lead to his conviction does not render the evidence insufficient to convict. The testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. *Brown v. Davis,* 752 F. 2d 1142, 1144-1145 (6th Cir. 1985).

Petitioner's insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury. Petitioner is therefore not entitled to habeas relief on this claim. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005). Because the evidence presented at trial was legally sufficient from which a rational trier of fact could find the elements of assault with intent to do great bodily harm less than murder beyond a reasonable doubt, petitioner is not entitled to habeas relief on this claim.

### V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and the matter is **DISMISSED.**

**SO ORDERED.**

                                              s/Avern Cohn
Dated: November 2, 2005                AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

## Proof of Service

I hereby certify that a copy of the foregoing document was mailed to Ruven Rivera and counsel of record on this date, November 2, 2005, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager
        (313) 234-5160

: