UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



RUVEN RIVERA,

    Petitioner,

Case No. 04-71847

v.

HON. AVERN COHN

RAYMOND D. BOOKER,

    Respondent.

_____/

# OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. On November 2, 2005, the Court denied Petitioner Ruven Rivera's application for writ of habeas corpus brought under 28 U.S.C. § 2254, finding his claims to be without merit.

Before the Court is Petitioner's motion for a certificate of appealability and motion for leave to appeal in forma pauperis. For the reasons that follow, Petitioner's motion for certificate of appealability is DENIED and Petitioner's motion for leave to appeal in forma pauperis is GRANTED.

## II. Discussion[1]

### A. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(A) and FED. R. APP. P. 22(b), an appeal from the

---

[1] For a discussion of the factual background and procedural history relevant to Petitioner's state court conviction and petition for writ of habeas corpus, see Opinion and Order Denying Petition for Writ of Habeas Corpus, filed November 2, 2005.

district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court judge or a district court judge. If an applicant takes an appeal for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. FED. R. APP. P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal. In Re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. Id. at 484.

In his first and second claims, Petitioner alleged the ineffective assistance of trial and appellate counsel. For reasons stated in greater detail in the opinion and order denying habeas relief, the Court found that Petitioner had failed to establish that he had been deprived of the effective assistance of counsel. A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. See

Skaggs v. Parker, 235 F.3d 261, 266 (6th Cir. 2000). Because Petitioner has failed to make a substantial showing that he was denied the effective assistance of counsel, a certificate of appealability shall not issue on these claims.

In his third claim, Petitioner alleged that the trial court lacked jurisdiction to consolidate the misdemeanor aggravated assault charge from the second complaint and warrant with the kidnapping conviction from the first complaint and warrant, and then reinstating the felony assault charges, arguing that the prosecutor should have appealed the district court's refusal to re-open the preliminary examination on the first complaint and warrant, rather than filing a second complaint and warrant.

The Court ruled that Petitioner's claim that the state trial court lacked jurisdiction to try his case raised an issue of state law, because it questioned the interpretation of Michigan law, and therefore was not cognizable in federal habeas review. Petitioner's related claim that the prosecutor followed the wrong procedure to bind Petitioner over for trial on the felony assault charges was also rejected, because it raised only a matter of state law and procedure that could not form a basis for federal habeas relief. Petitioner is not entitled to a certificate of appealability on this claim, because the issue is not constitutionally cognizable. See, e.g., Knowles v. Hines, 9 Fed. Appx. 890, 892 (10th Cir. 2001).

Petitioner lastly contended that there was insufficient evidence to convict him because the victim's testimony was not credible and was uncorroborated. The Court rejected petitioner's claim, noting that Petitioner's insufficiency of evidence claim rested on an allegation of the victim's credibility, which is the province of the jury. See Tyler v. Mitchell, 416 F. 3d 500, 505 (6th Cir. 2005). In this case, the Court's ruling that there

3

was sufficient evidence to find Petitioner guilty of assault with intent to do great bodily harm less than murder would not be not debatable among reasonable jurists, and Petitioner therefore is not entitled to a certificate of appealability on this claim. Williams v. Puckett, 283 F.3d 272, 277-78 (5th Cir. 2002).

### B. Motion for Leave to Appeal In Forma Pauperis

Petitioner also has requested leave to appeal in forma pauperis (IFP).

A court may grant IFP status if the Court finds that an appeal is being taken in good faith. See 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a); Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Good faith requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Id. The Court does not find that Petitioner's appeal was not undertaken in good faith and therefore will grant him leave to appeal in forma pauperis.

SO ORDERED.

Dated: DEC 0 9 2005
Detroit, Michigan

AVERN COHN
UNITED STATES DISTRICT JUDGE

4